In re PARK–HELENA CORP., Debtor.

NEBEN & STARRETT, INC.,
Plaintiff–Appellant,

v.

CHARTWELL FINANCIAL
CORPORATION, Defendant–Appellee.

No. 94–55686.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1995.

Decided Aug. 21, 1995.

Lisa A. Roquemore, Neben & Starrett, Newport Beach, CA, for plaintiff-appellant.

Leonard M. Shulman and Leslie Anne Hawes, Marshack & Goe, Santa Ana, CA, for defendant-appellee.

Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

The bankruptcy court denied all fees and costs requested by the law firm of Neben & Starrett, which represents the debtor, Park–Helena Corporation. The bankruptcy court found that Neben & Starrett had violated various bankruptcy statutes and court rules by willfully failing to disclose (1) the source of a $150,000 retainer paid to the firm, and (2) the firm's connections to a related party. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

## FACTS

On July 16, 1992, William Starrett (a partner in Neben & Starrett) received from Gerald Meyer (president of Park–Helena) a $150,000 retainer. The retainer was in contemplation of Park–Helena's chapter 11 bankruptcy filing. Meyer wrote a $150,000 check out of his personal account, and the check was accepted by Starrett as a retainer.

Neben & Starrett completed an Application for Employment, pursuant to Fed. R.Bankr.P. 2014, in which the firm stated that it received a retainer from Park–Helena and did not have connections with Park–Helena's creditors. The bankruptcy court approved Neben & Starrett's employment as Park–Helena's counsel on August 11, 1992.

On December 4, 1992, Neben & Starrett filed an Application for Compensation, in which the firm again indicated that it had received a retainer from "the Debtor," *i.e.,* Park–Helena. Neben & Starrett requested a total of $74,497.30, to be offset against the $140,900.75 that remained of the previously received retainer.[1] Park–Helena's major creditor, Chartwell Financial Corp. ("Chartwell"), objected to the fee request. Chartwell alleged, *inter alia,* that Park–Helena violated 11 U.S.C. § 329 and Fed.R.Bankr.P. 2014 and 2016 by failing to disclose that Meyer, rather than Park–Helena, had paid the retainer to Starrett out of Meyer's personal account. Neben & Starrett argued that Meyer's payment was, in effect, a payment from Park–Helena because Meyer had previously received a $1.35 million "loan"

---

1. The firm had already applied $9,099.25 in prepetition fees against the retainer. That amount is not at issue in this case.

from Park–Helena[2] and his $150,000 payment to Neben & Starrett was credited toward his debt.

The bankruptcy court concluded that Neben & Starrett had violated section 329 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016 by failing to disclose (1) the true source of the retainer, and (2) the firm's connections to Meyer. The bankruptcy court granted Neben & Starrett's motion for reconsideration, but again found that Neben & Starrett had violated section 329 and Rules 2014 and 2016. The court also found that Neben & Starrett may have been aware of an attempt by Park–Helena to deplete the assets of the bankruptcy estate. Accordingly, the court found that Neben & Starrett's failure to disclose was willful, and the court denied Neben & Starrett's entire fee request. The district court affirmed, holding that the bankruptcy court's conclusion was not clearly erroneous.

## DISCUSSION

### I. STANDARD OF REVIEW

 This court is in " 'as good a position to review the bankruptcy court's decision as is the district court.' " *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1372 (9th Cir.1994) (quoting *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants)*, 754 F.2d 811, 814 (9th Cir.1985)). Therefore, this court "reviews the bankruptcy court's decision independently." *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146 (9th Cir.1993). The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *Sousa*, 32 F.3d at 1372. The court's decision about the proper amount of legal fees to be awarded is reviewed for an abuse of discretion. *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 253 (9th Cir. BAP 1987).

### II. DISCLOSURE OF THE SOURCE OF THE RETAINER

 The bankruptcy court must ensure that attorneys who represent the debtor do so in the best interests of the bankruptcy estate. *See In re Lincoln N. Assocs., Ltd.*, 155 B.R. 804, 808 (Bankr.E.D.Mass.1993); *In re EWC, Inc.*, 138 B.R. 276, 280–81 (Bankr. W.D.Okla.1992). The court must ensure, for example, that the attorneys do not have interests adverse to those of the estate, 11 U.S.C. § 327, that the attorneys only charge for services that benefit the estate, *Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 523 (9th Cir. BAP 1992), and that they charge only "reasonable" fees, 11 U.S.C. § 329(b). To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See* 11 U.S.C. § 329; Fed.R.Bankr.P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. *In re Film Ventures Int'l*, 75 B.R. at 252.

When a debtor's attorney seeks compensation for fees, Federal Rule of Bankruptcy Procedure 2016(a) requires the attorney to file an application that includes "a statement as to what payments have theretofore been made or promised ..., [and] the source of the compensation so paid or promised." Regardless of whether fees are actually sought, 11 U.S.C. § 329 requires the attorney to "file with the court a statement of the compensation paid or agreed to be paid, ... and the source of such compensation."[3]

Neben & Starrett's disclosures pursuant to 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016 stated that the firm received a $150,000 retainer "paid by the Debtor," *i.e.*, Park–Helena. The firm did not initially explain that the payment was actually made by Park–Helena's president, Meyer, out of Meyer's personal checking account. It only disclosed

---

**2.** Park–Helena authorized a loan of up to $1.5 million, but Meyer actually received only $1.35 million.

**3.** The disclosure requirements of Rule 2014, which applies to the attorney's Application for Employment, are addressed in part III, *infra*.

these details after Chartwell objected to Neben & Starrett's fee request. Neben & Starrett argues that the distinction between Meyer and "the Debtor" is one of form over substance because Meyer's personal check reflected funds that he owed to Park–Helena. Thus, according to Neben & Starrett, the retainer was paid with funds "of the debtor," and the statement in the Application for Employment, that Neben & Starrett received a retainer "paid by the debtor," was accurate and sufficient.

We reject this argument. Regardless of whether the funds used to pay the retainer were, in some sense, Park–Helena's funds, the question here is whether Neben & Starrett's failure to provide the details of the payment constitutes a violation of the section 329 and Rule 2016 disclosure requirements. We hold that it does.

■ A fee applicant must disclose "the precise nature of the fee arrangement," and not simply identify the ultimate owner of the funds. *See In re Glenn Elec. Sales Corp.*, 99 B.R. 596, 600 (D.N.J.1988); *see also In re Bob's Supermarket's, Inc.*, 146 B.R. 20, 25 (Bankr.D.Mont.1992) (" '[D]ebtor's counsel [must] lay bare all its dealings ... regarding compensation.... Counsel's fee revelations must be direct and comprehensive. Coy, or incomplete disclosures ... are not sufficient.' ") (quoting *In re Saturley*, 131 B.R. 509, 516–17 (Bankr.D.Me.1991)), *aff'd in part and rev'd in part*, 165 B.R. 339 (9th Cir. BAP 1993); *In re Plaza Hotel Corp.*, 111 B.R. 882, 883 (Bankr.E.D.Cal.) ("the duty is one of complete disclosure of *all facts* ") (emphasis added), *aff'd*, 123 B.R. 466 (9th Cir. BAP 1990); *In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 237 (Bankr.E.D.Cal.1988) ("The burden is on the person to be employed to come forward and make *full, candid, and complete disclosure.*") (emphasis added).

■ The disclosure rules are applied literally, even if the results are sometimes harsh. *See In re Plaza Hotel*, 111 B.R. at 883. Negligent or inadvertent omissions "do not vitiate the failure to disclose." *In re Maui 14K, Ltd.*, 133 B.R. 657, 660 (Bankr. D.Haw.1991); *In re Coastal Equities, Inc.*, 39 B.R. 304, 308 (Bankr.S.D.Cal.1984). Similarly, a disclosure violation may result in sanctions "regardless of actual harm to the estate." *In re Maui 14K*, 133 B.R. at 660.

Neben & Starrett's failure to describe the transaction and indicate that Meyer paid the retainer out of his personal account constitutes a violation of 11 U.S.C. § 329 and Fed. R.Bankr.P. 2016. Our holding does not impose any new or additional investigatory burden on firms that represent a debtor. A law firm must at least disclose the facts of the transaction, as those facts were known to the firm. This Neben & Starrett failed to do. Because Neben & Starrett did not disclose known facts, we need not decide in this case whether the obligation should be even broader than that.

## III. DISCLOSURE OF CONNECTIONS WITH THE DEBTOR

■ The bankruptcy court found that Neben & Starrett's conduct also violated Fed.R.Bankr.P. 2014(a), which requires that a firm's Application for Employment disclose "all of the [applicant's] connections with the debtor, creditors, [or] any other party in interest...." This rule assists the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required by 11 U.S.C. § 327(a). The bankruptcy court found a Rule 2014 violation because Neben & Starrett failed to disclose that Meyer, who was a "party in interest," [4] paid the $150,000 retainer to Neben & Starrett out of his personal account.[5]

The disclosure requirements of Rule 2014 are applied as strictly as the requirements of Rule 2016 and section 329, described above.

4. Meyer held 23.5% of Park–Helena's shares and allegedly was indebted to Park–Helena for a $1.35 million loan.

5. Neben & Starrett argues that it is unclear whether the bankruptcy court's conclusion that the firm violated Rule 2014 was based on a finding that there was, in fact, a conflict of interest, or on a finding that Neben & Starrett did not make an adequate disclosure. The court's statements, however, clearly indicate that it made the latter finding: The court stated there was insufficient proof that a conflict actually existed, and the court expressly found a violation of "Rule 2014," which is purely a disclosure requirement.

*See, e.g., In re Haldeman Pipe & Supply Co.,* 417 F.2d 1302, 1304 (9th Cir.1969) ("General Order 44 [the precursor to Rule 2014] does not give the attorney the right to withhold information because it is not apparent to him that there is a conflict."); *In re Hathaway Ranch Partnership,* 116 B.R. 208, 219 (Bankr.C.D.Cal.1990) ("*All facts that may be pertinent* to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed.") (emphasis added); *In re EWC,* 138 B.R. at 280–81 ("The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest.... They cannot pick and choose which connections are irrelevant or trivial.... No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it."); *In re B.E.S. Concrete Prods.,* 93 B.R. at 236 ("Appearances count. Even conflicts more theoretical than real will be scrutinized.").

Like the disclosure provisions of 11 U.S.C. § 329 and Rule 2016, the provisions of Rule 2014 impose an independent requirement on attorneys. *See In re Film Ventures Int'l,* 75 B.R. at 252; *In re EWC,* 138 B.R. at 280–81. Thus, even if the retainer was paid out of funds ultimately belonging to Park–Helena, and even if Neben & Starrett's acceptance of a check from Meyer did not create any actual conflict of interest, Neben & Starrett's failure to describe the circumstances of the payment violated Rule 2014's disclosure requirements.

## IV. DENIAL OF FEES

■ Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees. *In re Maui 14K,* 133 B.R. at 660; *In re Coastal Equities,* 39 B.R. at 308. The bankruptcy in this case concluded that Neben & Starrett's failure to disclose fully the circumstances surrounding payment of the retainer was not negligent or inadvertent, but willful. This finding is not clearly erroneous. There can be no doubt that the firm did know all of the salient facts regarding the payment of the retainer but chose not to

reveal them. Moreover, he bankruptcy court permissibly discounted the evidence that tended to show a lack of willfulness, *i.e.,* the affidavit of Darrell Townsend, a member of the Park–Helena Board of Directors, because his affidavit exhibited inconsistencies and generally incredible assertions.

 The court's denial of all fees was within its discretion. *See In re Crimson Investments,* 109 B.R. 397, 402 (Bankr. D.Ariz.1989) (failure to disclose forthrightly source of compensation warranted denial of all compensation); *In re Hathaway Ranch,* 116 B.R. at 220 (applicant who fails to provide complete disclosure may be ordered to disgorge previously paid compensation).

## CONCLUSION

The bankruptcy court's order denying Neben & Starrett's entire fee request is AFFIRMED.