**In re LSS SUPPLY INC.**

**No. B–97–03293–TUC–RTB.**

United States Bankruptcy Court,
D. Arizona,
Phoenix Division.

Feb. 2, 2000.

---

Brenda Moody Whinery, District of Arizona, United States Trustee.

Christopher Pattock, Phoenix, AZ, Attorney Advisor.

Eric S. Sparks, Tucson, AZ, for Debtor.

Alfred S. Donau, III, Donau & Bolt, Tucson, AZ, for Eric S. Sparks.

Alan Richard Solot, Tucson, AZ, Chapter 7 Trustee.

Sally M. Darcy, McEvoy Daniels & Darcy, P.C., Tucson, AZ, for trustee.

## MINUTE ENTRY/ORDER FOR MATTER TAKEN UNDER ADVISEMENT

REDFIELD T. BAUM, Sr., Bankruptcy Judge.

Before the court in this now Chapter 7 case is the contested fee application by the debtor's Chapter 11 attorney. That application is opposed by the Chapter 7 trustee and the United States Trustee. That application is granted, in part, and denied, in part.

There are really two cases at issue here. B–West Imports ("B–West") filed its Chapter 11 petition on March 12, 1997. Attorney Eric S. Sparks ("Sparks") was

appointed as attorney for B–West. LSS Supply, Inc. ("LSS") filed its Chapter 11 petition on August 1, 1997, LSS is now a Chapter 7 case. Sparks was appointed the attorney for LSS. Sparks' applications to be appointed in both cases did not disclose any connections between these two debtors. Sparks' disclosures in his applications, more importantly his failure to disclose the connections between B–West and LSS, create the issues now presented to this court.

These issues arise in relation to Spark's fee application in LSS requesting an award of fees and costs totaling $76,147.41 and the objections thereto. These matters also arise from the court's order requiring the United States Trustee to investigate and file a recommendation regarding the same disclosure issues.

B–West and LSS are owned, directly or indirectly, by members of the Jensen family. The Jensen family and the various members thereof were collectively intertwined with both debtors in a variety of ways. For example, they were, directly or indirectly, creditors, lenders, shareholders, employees, directors, guarantors and in at least one instance the landlord of LSS. Further, the monthly operating reports of LSS in the payments to insiders section consistently listed monthly payments to most or all of the individual Jensens. Hence both debtors viewed the Jensens collectively as insiders in their respective cases. Finally, and because this judge was assigned these cases after most of the material events happened in both cases and, therefore, was not presiding during the significant events in either cases, the court after carefully reviewing the court files concludes that it would have been virtually impossible for anyone to have been involved in either case in any capacity without knowing that the Jensen family had numerous connections with these debtors.

■ Although Sparks and his attorney appear to assert a different and incorrect view of the applicable law, the law regarding disclosure by court appointed counsel is quite clear. Section 327 of the Bankruptcy Code ("Code") generally requires court appointed attorneys to not hold or represent an interest adverse to the estate and to be disinterested as that term is defined in Section 101(14) of the Code. Bankr.Rule 2014(a) ("Rules") regarding the employment of professional persons requires, in part, a verified statement "setting forth the person's connections" with the various parties involved in the bankruptcy case. Any doubt about the scope of disclosure required by the Code and Rules was resolved by *In re Park–Helena*, 63 F.3d 877 (9th Cir.1995) which stated:

> "A fee applicant must disclose the precise nature of the fee arrangement, and not simply identify the ultimate owner of the funds. Debtor's counsel must lay bare all its dealings regarding compensation. Counsel's fee revelations must be direct and comprehensive. Coy or incomplete disclosures are not sufficient. The duty is one of complete disclosure of all facts. The burden is on the person to be employed to come forward and make full, candid, and complete disclosure. Negligent or inadvertent omissions do not vitiate the failure to disclose. Similarly, a disclosure violation may result in sanctions regardless of actual harm to the estate." (Citations omitted) 63 F.3d at 881.

There have been many assertions by Sparks and his attorney that there was no conflict of interest by Sparks, that Sparks services are presumed reasonable and compensable under Section 330, that absent a finding of negative interference in his representation of the debtor compensation is required and other similar assertions. There are two fundamental flaws in the numerous assertions by Sparks and his attorney. First, the law requires complete disclosure, a disclosure violation may result in sanctions and the fact that no actual harm occurred does not preclude sanctions. Second, all of these assertion miss

the basic point that the numerous connections of the Jensen family in these two cases should have been disclosed to the court and were not ever disclosed. The duty of complete disclosure required Sparks in both cases to; (1) inform the court that the Jensen family owned/controlled both corporations and, (2) that the Jensen family had numerous connections to these debtors. Simply put, this dispute is not about whether there was a failure to disclose, there was, rather the far more difficult matter to this court is what sanctions, if any, should be imposed by this court for Sparks' failure to make these required disclosures.

■ Most of the reported cases dealing with a failure to make required disclosures have sanctioned counsel by not allowing any fees. *See: In re Park–Helena,* supra; *In re Crimson Investments,* 109 B.R. 397 (Bankr.D.Ariz.1989); *In re Hathaway Ranch,* 116 B.R. 208 (Bankr.C.D.Cal.1990). Those cases dealt with the failure to disclose the facts regarding the payment of fees for the debtor's court appointed counsel. That is not what was not disclosed in this case. In considering the sanction to be imposed here, it is significant to this court that the matters not disclosed did not involve Sparks' economic dealings with either debtor. Sparks' fee arrangements were disclosed in both cases. Here the undisclosed connections involved the Jensen family and their various connections with these debtors and, most importantly, that Sparks served as the court appointed attorney for both debtors without any disclosure of the control and multiple capacities that the Jensen family had with these debtors.

■ Considering the totality of all the circumstances in these two cases, as more fully discussed previously, the court concludes that in the exercise of its discretion it will not impose the sanction of forfeiture of all compensation. Forfeiture of all compensation probably would have been imposed here if this court found that the creditors and other interested parties in these two cases had suffered any actual harm in either case as a result of the failure to disclose. Notwithstanding the assertion by Sparks and his attorney of no harm having occurred, an assertion supported by the affidavits of some of the other attorneys involved in these cases, the court finds that there is harm when there is a failure to make required disclosures. The bankruptcy process is harmed when officers of the court, such as court appointed attorneys, fail to comply with their obligations. Court appointed attorneys are a key part of the bankruptcy system. They must perform and are expected by this court to perform all of their many duties to the bankruptcy system. *See: In re Perez,* 30 F.3d 1209 (9th Cir.1994). When court appointed attorneys fail to make required disclosures the bankruptcy system is harmed even when there is no actual harm or loss in the bankruptcy case. Hence, an appropriate sanction is required to be imposed here. The appropriateness of sanctioning here is even important where Sparks is the court appointed attorney in numerous bankruptcy cases in this district. There must be a clear and certain message to all officers of the bankruptcy court to make full and complete disclosures in each case. The standard is really quite simple, disclose one's connection and, if there is any doubt what should be disclosed, one must err on the side of disclosing information and not withholding information.

For the reasons stated above, the fee and cost application is granted, in part, and Sparks is awarded total compensation for fees and costs of $30,000.00 and the balance of the application is denied as a sanction for Sparks' failure to make required disclosures to this court and the parties involved in these cases.

Counsel for the debtor shall serve and lodge an appropriate order.