**In re Wilbert Don BIRKY and Debra L. Birky, Debtors.**

No. 02–92328.

United States Bankruptcy Court, C.D. Illinois.

July 10, 2003.

John S. Narmont, Springfield, IL, For Debtors.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on an Application for Approval of Attorney Fees filed by Debtors' counsel, Objection to Application for Approval of Attorney Fees filed by the United States Trustee, and Objection to Application for Approval of Attorneys Fees filed by Creditor, Galesville Chemical; the Court, having heard arguments of counsel and having reviewed the written Memorandum in Support of Application for Approval of Attorney Fees, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The issues before the Court are governed by 11 U.S.C. § 329, which states:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

Pursuant to 11 U.S.C. § 330, attorneys seeking awards of compensation must seek prior Court approval before accepting payment. The Court has the authority to award compensation that is less than the amount of compensation that is requested where the Court finds a lesser award is reasonable based upon the value of the services rendered. 11 U.S.C. §§ 330(a)(2), (3).

The material facts in this matter are not in dispute. The Debtors originally filed for bankruptcy under Chapter 12, on July 26, 2002. The petition was filed by attorney applicant, John S. Narmont. In his Disclosure of Compensation of Attorney for Debtor filed on August 9, 2002, Attorney Narmont disclosed that he had accepted a retainer fee from the Debtors in the amount of $10,000. It was noted on the Disclosure that:

The above fee includes filing fee, meeting with client, preparation of petition and work through the first meeting of creditors. Additional time above that fee will be billed at the regular hourly billable rate.

On August 16, 2002, Attorney Narmont filed an Application to Employ Attorney in

482

Chapter 12 Reorganization Pursuant to Rule 2014, seeking that he be approved as Debtors' attorney in these proceedings. An Order was entered by the Court on August 16, 2002, approving appointment of Attorney Narmont; however, no payment of fees was authorized in that Order.

Although it was clear from a cursory review of Debtors' bankruptcy schedules that Debtors aggregate debts exceeded the limit set by 11 U.S.C. § 101(18), no one initially sought dismissal of Debtors' Chapter 12 proceeding for ineligibility based upon Attorney Narmont's assertion that the aggregate debt originally scheduled by the Debtors would be greatly reduced to an amount within the limitations of 11 U.S.C. § 101(18).

On October 22, 2002, Attorney Narmont filed a Chapter 12 Plan of Reorganization on behalf of the Debtors. At the time of the filing of the Chapter 12 Plan, the record reflects that the Debtors' schedules continued to show aggregate debt far in excess of the limitations for eligibility as a "family farmer" under Chapter 12. Numerous objections were filed to confirmation of Debtors' proposed Chapter 12 Plan, together with a Motion to Dismiss Case filed by Creditor, Crop Production Services, Inc., formally raising the issue of Debtors' eligibility under 11 U.S.C. § 101(18). A hearing was held on January 16, 2003, at which time the Court entered an Order granting a Motion to Withdraw Motion to Dismiss Case filed by Crop Production Services, Inc. This withdrawal was based upon Attorney Narmont's assurances that the Debtors' aggregate debt could be adjusted to fall within the required maximum level. On February 6, 2003, Debtors filed an Amended Chapter 12 Plan, and, in the following three weeks, numerous activities continued in Debtors' Chapter 12 absent the promised reduction of Debtors' aggregate debt level.

On February 25, 2003, in face of the reality that it was impossible to adjust Debtors' aggregate debt to a level within the requirements, Attorney Narmont filed a motion on behalf of the Debtors to convert their Chapter 12 case to one under Chapter 11. An Order was entered on February 25, 2003, allowing the Motion to Convert. The conversion to Chapter 11 had the effect of requiring the Debtors to essentially start over with the exception of certain stipulations from creditors who agreed to treatment in Debtors' Chapter 11 identical to the treatment offered under the proposed Amended Chapter 12 Plan.

On March 11, 2003, Attorney Narmont filed an Application for Approval of Attorneys Fees seeking fees in the amount of $16,837.79. At hearing on the Application for Approval of Attorneys Fees on April 3, 2003, the United States Trustee indicated that the Application for Approval of Attorneys Fees was deficient in that it failed to disclose the fact that Attorney Narmont had already applied the $10,000 retainer disclosed in the original Chapter 12 filing, together with direct payments from the Debtors in the amounts of $3,036.56 and $70, to his fee. The Application for Approval of Attorneys Fees made it appear that the total fee, up to that date, was $16,837.79, rather than the sum of $29,944.35. The United States Trustee further pointed out that the Application for Approval of Attorneys Fees had not been served upon the Office of the United States Trustee, as is required under Chapter 11 of the Bankruptcy Code. It was also noted at that time that, although it was only a procedural infirmity, Debtors' attorney had not formally been approved as Debtors' Chapter 11 counsel, in that no application to employ attorney in Chapter 11 reorganization had yet been filed. Further hearing on the Application for Ap-

proval of Attorneys Fees was continued pending further pleadings by the parties.

On May 12, 2003, the United States Trustee filed a Motion to Strike Application for Approval of Attorneys Fees. The Motion sought to strike the Application for Approval of Attorneys Fees filed on March 11, 2003, without prejudice to the filing of an amended fee application which would cure the deficiencies fully set forth in the Motion to Strike Application for Approval of Attorneys Fees. The Court allowed the Motion to Strike Application for Approval of Attorneys Fees on March 13, 2003, at which point in time Attorney Narmont was free to file an amended application for approval of attorneys fees.

On May 16, 2003, the United States Trustee filed a Motion to Convert or Dismiss in which it sought conversion of Debtors' Chapter 11 bankruptcy case to one under Chapter 7 of the Bankruptcy Code, or in the alternative, that the Debtors' Chapter 11 proceeding be dismissed. As a basis for the Motion to Convert or Dismiss, the United States Trustee alleged that the Debtors had failed to pay their Chapter 11 quarterly fees, had failed to file required monthly reports, and had failed in 15 other enumerated ways to comply with the United States Trustee's operating requirements. The United States Trustee's Motion was set for hearing on June 3, 2003. In the meantime, on May 23, 2003, Attorney Narmont filed another Application for Approval of Attorneys Fees which the Court notes continued to bear the notation that Debtors' case was one under Chapter 12, even though the case had been converted to Chapter 11 for nearly three months. The hearing on the United States Trustee's Motion to Convert or Dismiss was continued from the June 3 setting, and reset on June 26, 2003, together with the instant Objections to the Application for Approval of Attorneys Fees.

At hearing on June 26, 2003, the Court was advised by the United States Trustee's Office that the Debtors had recently come into compliance with the United States Trustee's operating requirements and, as such, the Motion to Convert or Dismiss would be withdrawn. Upon taking up the matter of the Application for Approval of Attorneys Fees and the Objections thereto, the Court was advised by Attorney Narmont that just prior to hearing he had filed a Memorandum in Support of Application for Approval of Attorneys Fees. Attorney Sabrina Petesch, for the United States Trustee's Office, indicated that she had yet to have been served a copy of the Memorandum in Support of Application for Approval of Attorneys Fees, at which point Debtors' counsel produced a copy for her review. Having reviewed the Objection to Application for Approval of Attorneys Fees filed by the United States Trustee on June 12, 2003, and the Memorandum in Support of Application for Approval of Attorneys Fees filed by Attorney Narmont at hearing, the Court announced that it was sustaining the United States Trustee's Objection and that a written opinion and order would be issued to that effect.

Under 11 U.S.C. § 329, the Court has the authority to reduce Attorney Narmont's compensation as a sanction for his improper disclosure of the application of the retainer fee and direct payments from the Debtors prior to required Court approval of the said application. *In re Park–Helena Corp.*, 63 F.3d 877 (9th Cir. 1995), *cert. denied*, 516 U.S. 1049, 116 S.Ct. 712, 133 L.Ed.2d 667 (U.S.1996). As the Court noted at the close of hearing on June 26, 2003, it finds that Attorney Narmont's request for compensation should be reduced by the amount of $13,106.56, representing the sums applied by Attorney Narmont to his attorneys fees prior to

Court approval and without disclosure in the fee application filed on March 11, 2003. The Court also finds that a further reduction in the amount of $5,754.31 is warranted under the facts, leaving an allowable award of interim compensation in the amount of $16,000. Thus, crediting Attorney Narmont's fee account with the $13,106.56 already applied without Court approval, the Court finds that Attorney Narmont is entitled to payment from the Debtors in the sum of $2,893.44, creating a total allowable fee of $16,000 at this time.

■ In addition to its ruling under 11 U.S.C. § 329, the Court finds further authority to reduce the interim award of compensation for Attorney Narmont under 11 U.S.C. § 330. Both the Objections of the Office of the United States Trustee and of Creditor, Galesville Chemical, raise the question about the reasonableness of the amount of the attorneys fees being sought. This question of reasonableness having been raised, it is incumbent upon Debtors' counsel to establish that the fee is, in fact, reasonable. *In re Geraci*, 138 F.3d 314 (7th Cir.1998), *cert. denied In re Geraci*, 525 U.S. 821, 119 S.Ct. 63, 142 L.Ed.2d 50 (U.S.1998).

Title 11 U.S.C. § 330(a)(3) states:

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

■ Counsel for debtor has the burden of proving the elements of § 330(a)(3)(A) through (E) by a preponderance of the evidence, and he must prove that the services rendered a benefit to the debtor's estate. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974); *In re Smith*, 48 B.R. 375 (Bankr.C.D.Ill.1984); *In re East Peoria Hotel Corp.*, 145 B.R. 956 (Bankr.C.D.Ill.1991).

■ In evaluating Attorney Narmont's Application for Approval of Attorneys Fees under the criteria set forth in 11 U.S.C. § 330(a)(3) and *Johnson v. Georgia Highway Express, supra,* the Court finds that an interim award of attorneys fees in the total amount of $16,000 is reasonable based upon the value of the services rendered by Attorney Narmont. As pointed out in the Objection to Application for Approval of Attorneys Fees filed by the United States Trustee, much of the compensation sought by Attorney Narmont occurred while Debtors' case improperly proceeded under Chapter 12 of the Bankruptcy Code. Based upon the Debtors' ineligibility for relief under Chapter 12, there was, in essence, no jurisdiction to accomplish the reorganization contemplated by the Debtors under their original Chapter 12 Plan of Reorganization and the Plan as it was subsequently amended. Only at the point in time when Debtors' case was converted to Chapter 11 did any jurisdiction and authority exist to facilitate Debtors'

attempts at a reorganization. Although Attorney Narmont claims that there was no duplication of effort between the services rendered while the Debtors' case was improperly in Chapter 12 and the Chapter 11 proceedings, the record of Debtors' bankruptcy case makes it clear that there was, in fact, duplication of effort. At the time of the filing of the instant Application on May 23, 2003, and the filing of the Objections thereto, Debtors had yet to file either a disclosure statement or a proposed Chapter 11 plan of reorganization. Thus, the Debtors' bankruptcy proceeding remained at a relatively early stage when compared to the amount of the attorneys fees requested and the actual progress toward reorganization. Furthermore, the Court notes that, at the time of the filing of the Application, on May 23, 2003, the Debtors were far from complying with the operating requirements of the United States Trustee's Office. Thus, based upon the limited progress of Debtors' case after nearly one year post-petition, the Court concludes that the fees sought by Debtors' counsel, over and above the sum of $16,000, are excessive and not reasonable based upon the value of those services to the Debtors' bankruptcy estate. A comparison of reasonable fees customarily awarded in Chapter 11 proceedings at the stage of the instant proceeding further support the Court's finding that the sum of $16,000 is an appropriate interim fee award at this time.

### ORDER

For the reasons set forth in an Opinion entered on the 10th day of July 2003;

IT IS HEREBY ORDERED that:

A. The Application for Approval of Attorneys Fees filed by the attorney for Debtors, John S. Narmont, on May 23, 2003, is *ALLOWED* in the amount of $16,000, and *DENIED* as to all other sums requested; and,

B. Attorney John S. Narmont is entitled to payment from the Debtors toward the instant interim fee award in the amount of $2,893.44.