MEMORANDUM **
Non-party attorney Barry M. Orlyn appeals pro se from the district court’s order affirming the bankruptcy court’s order requiring that Orlyn return $5,209 in fees paid to him on behalf of his client, Hiroshi Takeuchi, who was a debtor in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court’s decision. Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1043 (9th Cir.1997). We affirm.
The district court properly concluded that, once Orlyn filed Takeuchi’s bankruptcy petition, the bankruptcy court had jurisdiction to review Orlyn’s fees. See 11 U.S.C. § 301(a) (“A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition”); § 329(b) (providing that bankruptcy courts may review and order the return of an attorney’s compensation); In re Lewis, 113 F.3d at 1044-45 (affirming a bankruptcy court order that pre-petition funds be disgorged under section 329).
The district court properly concluded that the bankruptcy court did not abuse its discretion when it determined that Orlyn failed to make proper disclosures under section 329, and consequently ordered the disgorgement of all fees. See In re Lewis, 113 F.3d at 1045 (stating that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of section 329); see also Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 882 (9th Cir.1995) (affirming denial of all fees when debtor’s attorney disclosed falsely that pre-petition retainer was paid by *203 debtor corporation, when in fact retainer was paid by president of debtor corporation).
The district court properly concluded that Orlyn received adequate notice and opportunity to respond to the United States Trustee’s motion for an accounting and for disgorgement of fees, evidenced by his timely opposition and presentation of arguments at the hearing. See Fed. R. Bankr.P.2017(a) (providing that a motion under section 329 requires that the bankruptcy court make its determination “after notice and a hearing”).
Orlyn’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.