

FILED

NOT FOR PUBLICATION

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERT M. KUN,

Appellant,

v.

PAUL J. MANSDORF, et al;

Appellees.

No. 12-15014

D.C. No. 3:11-cv-03219-EMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward M.Chen, District Judge, Presiding

Submitted February 11, 2014**
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior
District Judge.***

Appellant, Albert M. Kun, appeals from the district court's order affirming

the bankruptcy court's order: (1) denying Appellant's fee application for pre-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

bankruptcy services to Woodcraft, Inc., and (2) requiring Appellant to disgorge a $5,000 retainer that the debtor had paid to him. We affirm.

Pursuant to the Bankruptcy Code, pre-petition work must be disclosed in connection with an application to represent a debtor, and omitting such information constitutes a statutory violation of both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 2014; 11 U.S.C. § 327(a); 11 U.S.C. 101(14); *Neben & Starrett, Inc. v. Chartwell Fin. Corp.* (*In re Park Helena Corp.*), 63 F.3d 877, 880 (9th Cir. 1995). Appellant failed to disclose that he had performed such work, and that he had become a creditor of the bankrupt estate, Woodcraft, Inc., for the value of his pre-petition services.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure create strict disclosure rules which are intended to ensure that an applicant attorney is not, *inter alia*, an interested party with a claim on the estate entering into bankruptcy. *See In re Park-Helena Corp.*, 63 F.3d at 880. Accordingly, the bankruptcy court may, within its discretion, deny an application for attorney's fees if the applicant-attorney was, at any time during his employment under section 327, an "interested party." Where the debtor-corporation owes an attorney payment for pre-petition services, the attorney is an "interested party," within the meaning of the Bankruptcy Code.

A bankruptcy court also "has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements" of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1045 (9th Cir. 1997). "An attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules [further] gives the bankruptcy court the discretion to order disgorgement of attorney's fees." *Id.*

Here, Kun failed to disclose material facts to the bankruptcy court in connection with his application to represent Woodcraft in bankruptcy proceedings, as well as in connection with his application for fees. In his application to represent Woodcraft, Kun failed to disclose that he had performed almost $4,000 of work for Woodcraft prior to filing its petition for bankruptcy. As Kun failed to disclose his status as a creditor, the bankruptcy court acted within its discretion by denying his application for attorney's fees, and by ordering disgorgement of the retainer. *See In re Park-Helena Corp.,* 63 F.3d at 880; *In re Lewis*, 113 F.3d at 1045.

**AFFIRMED**.