**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. NC-15-1143-WJuKu |
| | ) | |
| WOODCRAFT STUDIOS, INC., | ) | Bk. No. 4:10-bk-74611 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ALBERT M. KUN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[*] |
| | ) | |
| PAUL J. MANSDORF, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on January 21, 2016
at San Francisco, California

Filed - July 22, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Albert M. Kun argued pro se; Jeremy W. Katz of Shierkatz RLLP argued for appellee Paul J. Mansdorf, Chapter 7 Trustee.

_____

Before:   WANSLEE,[**] JURY, and KURTZ, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] Hon. Madeleine C. Wanslee, United States Bankruptcy Judge for the District of Arizona, sitting by designation.

-1-

**INTRODUCTION**

Albert M. Kun ("Kun") appeals from an order granting the motion of chapter 7[1] trustee Paul J. Mansdorf ("Trustee") to vacate the order employing Kun as counsel for the debtor-in-possession, Woodcraft Studios, Inc. Kun also appeals from an order disallowing the proofs of claim he filed for attorneys fees related to services provided during the chapter 11 portion of the case. We AFFIRM both orders.

**FACTS**

**Debtor's Bankruptcy Case and Kun's Employment**

On December 22, 2010 Kun filed a voluntary chapter 11 petition for debtor.[2] Debtor paid Kun a $5,000.00 retainer to represent the debtor-in-possession and the estate.[3] The bankruptcy court signed an order employing Kun and approved a "general retainer;" the employment order notes that "[r]eceipt of any compensation is subject to prior court approval."

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mort. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] The early factual background for this case is found in a related district court decision. See Kun v. Mansdorf (In re Woodcraft Studios, Inc.), 464 B.R. 1 (N.D. Cal. 2011).

**Order Disallowing All Fees and Directing**
**Disgorgement of Retainer**

The bankruptcy case was converted to chapter 7 on May 4, 2011, and Paul J. Mansdorf was appointed the chapter 7 trustee. Kun filed an interim application for attorneys fees of $8,250.00 and reimbursement of expenses of $56.10. The application and attached time sheet revealed that Kun was still owed money for prepetition services because he had not drawn down on a retainer before filing the case. The Trustee and the United States trustee each filed objections to the fee application arguing that Kun was a prepetition creditor who was not disinterested.

On June 8, 2011, the bankruptcy court held a hearing on the fee application and the objections. At the conclusion of the hearing, the bankruptcy court found that Kun had failed to adequately disclose his connection to the debtor, as required by § 327 and Rule 2014, and that Kun was not disinterested because he continued to hold a prepetition claim for work completed prepetition. Accordingly, the court denied all fees and ordered disgorgement of the $5,000.00 retainer.

At that hearing, Kun indicated to the bankruptcy judge that he was unable to return the $5,000.00 retainer because he had already spent it. Following colloquy with Kun, the bankruptcy court concluded that Kun should still have the retainer because he did not draw it down prepetition. Further, once the bankruptcy petition was filed, absent court approval, which Kun had not previously sought, no fees were approved and no postpetition order was entered by the bankruptcy court approving

payment of any portion of the retainer to Kun.[4]

Kun filed an appeal of the order denying the interim fee application and for disgorgement of the retainer. The appeal was heard by the United States District Court for the District of California.

**Kun Files Proofs of Claim After Appealing the Fee Denial and Disgorgement Order**

After the notice of appeal had been filed, but before the district court ruled on the appeal, on September 8, 2011, Kun filed two proofs of claim, claims 14-1 and 15-1. The separate proofs of claim appear to be identical and they each claim that Kun has an $8,306.10 claim for attorneys fees secured by a prepetition retainer and lien. Additionally, without stating a basis, Kun asserts that each of the alleged secured claims for attorneys fees are a priority claim. Attached to each of the proofs of claim is a copy of the same time sheet dated May 4, 2011, that Kun had attached to the fee application the bankruptcy court denied.

**District Court and Ninth Circuit Rulings**

The district court's published opinion affirmed both the bankruptcy court's ruling and its rationale, noting Kun's failure to disclose, his lack of eligibility to be employed under § 327, and his lack of compliance with the Bankruptcy Code

---

[4] According to the Trustee, as of the date the Trustee filed his brief in this appeal, Kun has failed or refused to disgorge the retainer. At oral argument, Kun did not dispute the Trustee's renewed statement that Kun has not yet complied with the bankruptcy court order from June 2011 to disgorge the retainer.

-4-

and Rules 2014 and 2016(b). Based on Kun's disclosure violations, the district court determined that the bankruptcy court was well within its discretion to deny all fees to Kun and to order disgorgement of his retainer. The district court specified that all retainer agreements, and all fee agreements in general, are subject to the bankruptcy court's approval and modification, regardless of how they are treated or created under state law. Further, even though it was proper for the bankruptcy court to deny fees based solely on the disclosure violations, the bankruptcy court's finding that Kun was not disinterested under § 327 and was in fact a prepetition creditor of the debtor was not clearly erroneous, and this finding was a separate basis under § 328(c) to deny compensation. The district court concluded that the bankruptcy court did not abuse its discretion, nor did it mis-apply the law in denying the entire fee application and ordering disgorgement of the retainer.

Kun appealed to the Ninth Circuit, which affirmed the district court in an unpublished memorandum decision. The Ninth Circuit held that failing to disclose prepetition work for a debtor "constitutes a statutory violation of both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure." Kun v. Mansdorf, 558 Fed. Appx. 755 (9th Cir. 2014). The Bankruptcy Code and Rules "create strict disclosure rules which are intended to ensure that an applicant attorney is not, inter alia, an interested party with a claim on the estate entering into bankruptcy." Id. at 755-56. "A bankruptcy court also 'has broad and inherent authority to deny **any and all** compensation

when an attorney fails to meet the requirements' of the Bankruptcy Code and [Rules]." Id. at 756 (citation omitted) (emphasis added). The Ninth Circuit concluded that Kun had failed to disclose material facts to the bankruptcy court in connection with his employment application and that the bankruptcy court acted within its discretion by denying his application for attorney's fees and by ordering disgorgement of the retainer.

**Request to Vacate Employment Order and Objection to Proofs of Claim**

On November 15, 2011, the Trustee filed a motion to vacate the order allowing Kun's employment combined with an objection to his proofs of claim. The Trustee argued that the employment order should be vacated because of the finding that Kun was ineligible to represent the debtor-in-possession. The Trustee also claimed that vacating the employment order would vacate any alleged "true retainer" or security interest that Kun might have in the $5,000.00 retainer he received from the debtor, as well as any attorney's lien Kun may assert. The Trustee objected to the secured/priority status alleged in the proofs of claim on the grounds that Kun has no security interest in any property of the estate, including the $5,000.00 retainer, that all of the requested fees had been disallowed, and that Kun failed to comply with the bankruptcy court's order to return the $5,000.00 retainer to the bankruptcy estate.

On November 29, 2011, Kun filed a response to the Trustee's motion to vacate the employment order and objection to proofs of claim. According to Kun, being a creditor of the estate at the

time that the chapter 11 petition was filed does not preclude him from serving as counsel for the debtor. Kun argued that the order disallowing his fee application said nothing about a future proof of claim and that he was able to file a proof of claim for the fees owed to him as of May 4, 2011, which was when the case was converted. The bankruptcy court held these matters in abeyance until 2015 when the district court and Ninth Circuit appeals were concluded.

On March 4, 2015, the bankruptcy court held a hearing on the motion to vacate the employment order and the objection to Kun's proofs of claim. At the hearing, Kun argued that there was no basis to vacate or terminate his employment agreement with the debtor. Kun again argued that he did not know he was a creditor, so he made no misrepresentation about being a creditor. Regarding the proofs of claim, Kun argued that the Ninth Circuit's order only dealt with the prepetition claims, $3,950.00, so there is still some $1,050.00 in postpetition fees that the Ninth Circuit did not consider. Kun reiterated that he was concerned only about the postpetition fees in the amount of $1,050.00, and any fees associated with the defense of fees, obtaining the fees, or maintaining and keeping the fees.

**Employment Order Vacated**

The bankruptcy court made findings of fact and conclusions of law on the record at the March 4, 2015 hearing. The court vacated the order employing Kun as counsel for the debtor-in-possession and the bankruptcy estate. The court summarized the previous findings and noted that Kun's compensation had already been denied in a prior order and that the appropriate remedy was

-7-

to vacate the employment order at that time. Further, the court commented that to the extent the employment order may have been construed to have approved Kun's alleged $5,000.00 lien in his retainer, vacating the employment order also vacates any alleged lien. The court stated that the employment order was being vacated because, if Kun had made proper disclosure that he was not disinterested, the court would never have approved the employment. Vacating the employment order fixes the problem and the court found there was nothing in the Bankruptcy Code or Rules, or in the cases cited by Kun, that prohibits the court from vacating the employment order when there was no basis to enter that order, in light of the information later revealed that Kun was not disinterested.

**Kun's Proofs of Claim Disallowed**

Regarding the proofs of claim, the court commented that even if Kun did have a lien, the disallowance of the fees means that the lien attaches to nothing because an attorney's lien simply secures the amount of the underlying debt as determined by the bankruptcy court. The court noted that the order allowing the employment was drafted by Kun and it did not provide for a non-refundable retainer or a security retainer. Instead, the order only referred to a general retainer. The bankruptcy court explained that vacating the employment order and addressing the objection to the proofs of claim were new issues that had not been addressed in the previous order and appeals.

The court found that the proofs of claim should be disallowed because there was no basis for the claims. Kun's

fees were previously disallowed in full and the bankruptcy court previously ordered disgorgement of the retainer. Any lien that may have been created is gone, and even if there was an enforceable lien, it does not attach to anything because Kun's compensation was denied in full.

On March 10, 2015, the bankruptcy court entered the order vacating the employment order and disallowing Kun's proofs of claim.

On April 23, 2015, Kun filed a timely notice of appeal pursuant to an extension granted by the bankruptcy court.

**PREFATORY COMMENT**

This is the second appeal concerning payment of Kun's attorneys fees. As stated above, Kun filed a fee application requesting an award of attorneys fees. It was through this application and the attached time sheet that Kun first revealed that he was a prepetition creditor and had undisclosed connections with the debtor.

The bankruptcy court denied all fees and costs represented in the fee application and ordered Kun to disgorge the $5,000.00 retainer. Two appellate courts held that the bankruptcy court properly found that Kun had violated his requirement to make full and proper disclosures to be employed as a professional of the bankruptcy estate and that he was not disinterested. Either finding by the bankruptcy court was an independent basis for denying all fees and costs and ordering disgorgement.

This Panel is not reviewing any matter that was the subject of the first series of appeals, viz: whether Kun violated the disclosure requirements; whether he was not disinterested, and

therefore ineligible to be employed as a professional of the bankruptcy estate under § 327; or the propriety of the bankruptcy court's disallowance of all fees and costs identified in the fee application, plus disgorgement of the $5,000.00 retainer.

Further the Panel notes that the fees disallowed in full were all of the fees identified in the fee application, both prepetition and postpetition, plus the claimed expenses. There is no indication in the rulings by either the district or circuit court that the bankruptcy court order denying all fees and costs and ordering disgorgement of the retainer was limited in any fashion. The Panel thus finds that the order denying fees applies to the entire amount of fees represented by the fee application, not the net amount that Kun stated was still owing. This conclusion is based on the language used by the bankruptcy court in denying the fees in total, and because the order requires disgorgement of the full $5,000.00 retainer the debtor paid to Kun.

On this second appeal, the Panel will rely on the findings of fact and conclusions of law that have been already established and that are the law of the case.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). This Panel has jurisdiction under 28 U.S.C. § 158.

### ISSUES

1. Did the bankruptcy court abuse its discretion in vacating the employment order?

-10-

2.    Did the bankruptcy court abuse its discretion in disallowing Kun's proofs of claim?

## STANDARDS OF REVIEW

We review a decision regarding the employment of a professional for an abuse of discretion. Elias v. Lisowski Law Firm, Chtd. (In re Elias), 215 B.R. 600, 603 (9th Cir. BAP 1997).

"An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statutes or rules), which we review for clear error." Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012) (quoting Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 918 (9th Cir. BAP 2011)).

We review a bankruptcy court's decision to allow or disallow a proof of claim for an abuse of discretion. Green v. Brotman Med. Ctr., Inc. (In re Brotman Med. Ctr., Inc), 2012 WL 603709, at *6 (9th Cir. BAP Jan. 20, 2012).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)(citation omitted).

-11-

## DISCUSSION

**A.    The Bankruptcy Court Did Not Abuse its Discretion When it Vacated Kun's Employment Order.**

Section 327(a) requires that any professional employed by the estate be disinterested.[5] In prior proceedings, the bankruptcy court found that Kun was not eligible to be counsel for the debtor under § 327 because he was a prepetition creditor and thus not disinterested. Accordingly, <u>all</u> requested fees were denied and Kun was ordered to disgorge his retainer. The bankruptcy court's findings were affirmed on appeals to the district court and to the Ninth Circuit.

Bankruptcy courts have inherent power to enforce their own orders and to take corrective action when necessary. Section 105(a) vests bankruptcy courts with powers "necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Thus, a bankruptcy court has the discretionary power under § 105(a) to reconsider, modify, or vacate previous orders. <u>See</u> <u>Zurich Am. Ins. Co. V. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)</u>, 503 F.3d 933, 940 (9th Cir. 2007).

In this appeal, Kun argues that neither § 327 nor any other section of the Bankruptcy Code expressly authorizes the revocation of the "attorney's fee contract." Kun further argues

---

[5] Section 327(a) provides: "Except as otherwise provided in this section, the trustee, **with the court's approval**, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, **that do not hold or represent an interest adverse** to the estate, and **that are disinterested persons. . . .**" (emphasis added).

-12-

that neither Rule 2014 nor any other rule addresses revocation of the "attorney's fee contract." Kun contends that the bankruptcy court apparently assumed, but did not find, that his representation about being disinterested was sufficiently fraudulent to vacate the employment contract. Kun's position is that the word "disinterested" is an opinion, not a fact, and that an opinion cannot be the basis of a fraudulent representation. Kun also argues that the employment agreement is governed by state law, not federal law, and that the Trustee alleges no ground to vacate under California law. Further, there was no fraud in this case because there was no scienter – more specifically, Kun did not make a knowing misrepresentation because he did not understand that he was a creditor. Finally, Kun concludes that there is no precedent in bankruptcy law to set aside an employment contract for negligent misrepresentation.

Kun's arguments fail to appreciate the procedural and appellate history of this case as well as the law and process for employing a professional to represent the debtor-in-possession and the bankruptcy estate in a chapter 11 case. Kun's arguments are focused on the power of the bankruptcy court to revoke his employment contract with the debtor and whether the bankruptcy court made a finding of fraud, or if fraud could have been found. However, the bankruptcy court made clear that it was not revoking Kun's employment contract with the debtor. Instead, using its inherent § 105 power, the bankruptcy court vacated its previous order approving the employment application filed in the bankruptcy case.

-13-

Under provisions of the Bankruptcy Code and Rules, specifically §§ 327, 328, 329, 330, 331, and Rules 2014 and 2016, before a professional such as an attorney may be employed by, and paid from, the bankruptcy estate, he must meet certain criteria, and the court must approve the employment. A professional who fails to comply with the requirements of the Bankruptcy Code or Rules relating to the employment may forfeit the right to be paid and the person performing these professional services may be considered an "officious intermeddler or gratuitous volunteer." 3 Collier on Bankruptcy ¶ 327.03[2][c] (Alan N. Resnik & Henry J. Sommer, eds., 16th ed. 2015). Simply put, Congress made it abundantly clear that § 327(a) requires court approval for a professional to be employed by the estate, and a professional who is not employed by the estate is not entitled to be paid by the estate.

However, even if the professional obtains an order allowing employment under § 327(a), that does not establish a right to be compensated as fees must be granted under § 330. 3 Collier at ¶327.03[2][d] (citing Ferrara & Hantman v. Alvarez, 124 F.3d 567, 571 (3d Cir. 1997), and noting that compensation from estate funds is subject to a second look by the bankruptcy court under § 330). The bankruptcy court clearly retains the authority to deny allowance of fees and reimbursement of expenses if the professional is not disinterested, or if the professional holds or represents an adverse interest to the estate with respect to the matter on which the professional is

-14-

employed.[6]

In this case, the bankruptcy court determined that Kun failed to comply with the disclosure requirements regarding his proposed employment as a professional of the estate and that Kun was not disinterested. Those findings were upheld on appeal to the district court and to the Ninth Circuit. Accordingly, Kun did not meet the requirements to be employed by the estate, and the bankruptcy court concluded it would not have granted the employment if Kun had properly disclosed that he was a prepetition creditor.

In re Coastal Equities, Inc., 39 B.R. 304 (Bankr. S.D. Cal. 1984), is a case that is factually similar to this one. In Coastal Equities, the bankruptcy court for the Southern District of California vacated an employment order based on the failure of the professional to make full and complete disclosure. Id. at 309. Kun seeks to distinguish Coastal Equities on grounds that the court found the law firm representing the debtor to have had a materially adverse interest. Kun states that in this case, no such finding was made and that the bankruptcy court

---

[6] Section 328(c) states:
Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

instead found that debtor's counsel's representation was not disinterested. Kun states that the word disinterested is an opinion, not a fact and an opinion cannot be the basis of a fraudulent representation.

We disagree with Kun's analysis. The bankruptcy court made a finding of fact that Kun was a prepetition creditor of the debtor and thus not disinterested – this is not simply an opinion; it is a finding. Moreover, fraudulent representation is not the reason that Kun's fee application was denied in full or the reason that he was not eligible under § 327(a) to represent the debtor-in-possession or the bankruptcy estate. Because Kun was appointed without full disclosure of his disqualifying status as a creditor, vacatur of the employment order was the court's chosen and most effective method of terminating the improper representation. As Judge Meyers held in Coastal Equities:

> The requisite showing for approval of employment was not properly made by this Applicant. Had the Court been fully and properly informed, it would have held that this Applicant could not represent the debtor-in-possession due to the conflicting interests present and because it would not have been in the best interest of the estate. A debtor-in-possession, as well as its counsel, owe an undivided loyalty to the estate. . . . Accordingly, the Order appointing [the professional] as attorney for debtor is vacated and cannot form the basis for any fee request for fees incurred while representing the debtor-in-possession.

39 B.R. at 309. Because he was a creditor of the estate, Kun was not disinterested and he was not eligible to be employed as an estate professional under § 327(a). Kun held an interest materially adverse to the estate. The court in Coastal Equities determined that the failure of the attorneys to make proper

-16-

disclosure, which is the same issue presented by this case, was the basis to vacate the order employing the professionals. The bankruptcy court properly vacated an order it would not have entered if all requisite disclosures had been made.

The bankruptcy court acted within its discretion to reconsider and vacate the employment order based on the newly disclosed fact that Kun was not disinterested and therefore not employable because he held a prepetition claim against the debtor. The decision to vacate the employment order is hereby AFFIRMED.

**B.    The Bankruptcy Court Did Not Abuse its Discretion When it Disallowed the Proofs of Claim.**

Kun also complains that the bankruptcy court abused its discretion in disallowing the two proofs of claim. Kun filed what appear to be two identical proofs of claim in the period after the bankruptcy court had denied all fees and expenses in the fee application and ordered disgorgement of the $5,000.00 retainer, but before the district court ruled on his appeal of the bankruptcy court's order.

Each proof of claim was filed as a secured, priority claim in the amount of $8,306.10. The basis for the secured claim is stated as a prepetition retainer and lien. Kun does not identify any basis to give the claim priority under § 507(a). Attached to each proof of claim is the same time sheet dated May 4, 2011 that was attached to Kun's fee application. No other documentation was attached to the proofs of claim.

Kun points out that once a proof of claim is executed under penalty of perjury and filed with the court, it is prima facie

-17-

evidence of the validity and amount of the claim under Rule 3001(f). Kun then argues that the only grounds for disallowing a claim are listed in § 502. Kun states that the bankruptcy court never held that the claim is not enforceable against the debtor under state law. Instead, the bankruptcy court merely disallowed the claim. Kun argues that the claim is still enforceable against the debtor's property. Finally, Kun asserts the bankruptcy court clearly erred when it found that the reasonable value of Mr. Kun's services was zero because there was no question that the debtor needed to file bankruptcy or that the bankruptcy petition had been filed, and anyone who is familiar with bankruptcy work knows the amount of time and effort these cases take.

Kun's argument is nonsense. The only way a professional can be paid from the bankruptcy estate for professional services provided to the estate is when the professional has been properly employed under § 327. See § 330(a)(1). As repeatedly held: "[c]ourt approval of the employment of counsel for a debtor in possession is sine qua non to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." DeRonde v. Shirley (In re Shirley), 134 B.R. 940, 943-44 (9th Cir. BAP 1991); see also Shapiro Buchman LLP v. Gore Bros. (In re Monument Auto Detail, Inc.), 226 B.R. 219, 224 (9th Cir. BAP 1998); and McCutchen, Doyle, Brown & Enersen v. Official Comm. Unsecured Creditors (In re Weibel), 176 B.R. 209, 211 (9th Cir. BAP 1994).

There is no dispute that Kun was not properly employed

-18-

under § 327. The bankruptcy court and two appellate courts confirmed that Kun violated his disclosure obligations because he did not fully disclose his connections to the debtor. Further, Kun was not disinterested because he was a prepetition creditor of the estate.

This Panel has stated that it will not reopen the findings or analysis from the first set of appeals, but we note that the law is clear that under § 328(c), if at any time during the professional's employment under § 327, the professional is not disinterested, or holds an interest adverse to the estate with respect to the matter on which the professional is employed, the bankruptcy court may deny allowance of <u>all</u> compensation and expenses. Further, the requirement to make full and accurate disclosure by a professional seeking employment or fees from the estate is an independent responsibility. <u>Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)</u>, 63 F.3d 877, 880 (9th Cir. 1995). "The disclosure rules are applied literally, even if the results are harsh." <u>Id.</u> at 881. "Negligent or inadvertent omissions 'do not vitiate the failure to disclose.'" <u>Id.</u> (citation omitted).

Kun's argument that he may pursue his fees under a state law theory is also misplaced. Kun may only recover fees related to his representation in the bankruptcy case in accordance with the provisions allowing fee awards provided in the Bankruptcy Code. "[T]he Code and Rules preclude fee awards for services performed on behalf of a bankruptcy estate based on state law theories not provided for by the Code." <u>Monument Auto</u>, 226 B.R. at 224 (citing <u>Weibel</u>, 176 B.R. at 212 and <u>Shirley</u>, 134 B.R. at

-19-

944). See also Law Offices of Ivan W. Halperin v. Occidental Fin. Grp., Inc. (In re Occidental Fin. Grp., Inc.), 40 F.3d 1059, 1063 (9th Cir. 1994)("As a general rule the equitable remedy of quantum meruit cannot be available where the fees are barred by law under the bankruptcy rules," citing In re Shirley, 134 B.R. at 944-45, noting that allowing recovery under quantum meruit and other state law theories would void the Bankruptcy Code and Rule provisions requiring approval of employment).

Kun apparently fails to understand four key points in this case. First, it is a requirement under § 330(a) that he must be properly employed under § 327 to receive compensation as a professional of the estate. Second, he failed to make full and accurate disclosure about being a prepetition creditor. Third, by holding a claim for prepetition services he was not disinterested. Finally, the fact that he was not disinterested meant that he was not employable. Thus, the order (1) denying all fees and costs represented in Kun's fee application and (2) directing disgorgement of the $5,000.00 retainer meant that all of the fees and costs incurred in connection with the case were completely disallowed by the bankruptcy court.

Kun's position that he still has a claim under state law or that the claim remains enforceable against property of the bankruptcy estate is not supported by the applicable law. Kun's claims for attorneys fees and costs represented in the two proofs of claim were not denied based on an equitable disallowance theory. The claims for fees and costs were denied under § 502(b)(1) as unenforceable because they had already been disallowed in full. They were also denied under § 502(b)(4)

-20-

based on a finding by the bankruptcy court that the claims exceeded the reasonable value to the bankruptcy estate. There is no basis for the allowance of attorneys fees that have been previously disallowed by the bankruptcy court. The fees and costs represented in the proofs of claim are the same fees and costs which the court previously denied.

The Panel finds that the bankruptcy court did not abuse its discretion in disallowing Kun's two proofs of claim that represented the exact same fees and costs that the court previously disallowed in full based on Kun's violations of the disclosure rules and because Kun was not disinterested. Once a determination has been made to deny fees and costs of a professional of the estate, there is no legal basis to revive those same claims. The order sustaining the objections to the proofs of claim is AFFIRMED.

The Panel notes that Kun raised a third point on appeal: whether the bankruptcy court erred in finding that the reasonable value of his services was zero. The Panel finds that the issue is moot, and it need not decide the matter based on the holdings in the first series of appeals that the bankruptcy court properly exercised its discretion when it denied the attorney fee application in its entirety based on Kun's disclosure violations and that his prepetition claim rendered him not disinterested and therefore ineligible to be employed under § 327(a).

## CONCLUSION

This appeal confirms that if an attorney is not properly employed by the estate, the bankruptcy court does not abuse its

discretion in later vacating an employment order. Additionally, once attorneys fees have been denied, the same attorneys fees and costs may not be recovered through the filing of subsequent proofs of claim or based on alternative, state law theories. Under the facts of this case, with the attorneys fees and costs disallowed in full and our determination that the bankruptcy court did not abuse its discretion in disallowing the subsequent proofs of claim, it does not matter what, if any, benefit or value counsel may have provided to the estate.

For the foregoing reasons, we AFFIRM.