NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  WOODCRAFT STUDIOS, INC.,<br><br>Debtor,<br><br>———————————————<br><br>ALBERT M KUN, Attorney,<br><br>Appellant,<br><br> v.<br><br>PAUL MANSDORF, Chapter 7 Trustee,<br><br>Appellee. | No.    16-60061<br><br>BAP No. 15-1143<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Wanslee, Jury, and Kurtz, Bankruptcy Judges, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Albert M. Kun, an attorney, appeals pro se from the Bankruptcy Appellate

Panel's ("BAP") judgment affirming the bankruptcy court's order vacating its prior

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order employing Kun as counsel for the debtor, and disallowing Kun's proofs of claim. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in vacating its prior employment order because Kun was not eligible for retention by the debtor. *See* 11 U.S.C. § 327; 11 U.S.C. § 101(14); *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466-67 (9th Cir. 1993) (bankruptcy court was authorized to vacate order entered while court was under misapprehension of facts).

The bankruptcy court did not abuse its discretion in sustaining the trustee's objections to Kun's proofs of claim because Kun was not entitled to receive any payment from the estate. *See* 11 U.S.C. § 330(a); *see also Kun v. Mansdorf*, 558 F. App'x. 755 (9th Cir. Feb. 27, 2014) (holding that Kun failed to disclose his status as a creditor and that the bankruptcy court properly exercised its discretion by denying his application for attorney's fees, and ordering disgorgement of the retainer).

We reject as meritless Kun's arguments that this panel may revisit the court's prior determinations that Kun was not disinterested, and not entitled to compensation. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir.

1995) (under law of the case doctrine, one panel of an appellate court will not reconsider matter resolved in a prior appeal by another panel in the same case).

We reject as unsupported by the record Kun's contentions that the bankruptcy court's decision was barred by laches, that the bankruptcy court violated his due process rights, and that the bankruptcy court voided Kun's contract with the debtor.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**