**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1781
_____


In re:  ROBIN AQUILINO, LOUIE JOSEPH AQUILINO,
Appellants


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:23-cv-01099)
District Judge: Honorable Karen M. Williams
_____

Argued on January 29, 2025

Before: KRAUSE, PORTER, and ROTH, *Circuit Judges*

(Opinion filed: April 24, 2025)


Shawn D. Hutchison          **[ARGUED]**
Law Offices of S. Daniel Hutchison, P.C.
135 N Broad Street
Woodbury, NJ 08096

*Counsel for Appellants*

Daniel J. Dugan                    **[ARGUED]**
Spector Gadon Rosen & Vinci P.C.
1635 Market Street
7th Floor
Philadelphia, PA 19103

*Counsel for Appellee*

Wendy Cox                    **[ARGUED]**
United States Department of Justice
Executive Office for United States Trustees
441 G Street NW
Suite 6150
Washington, DC 20530

*Counsel for Amicus Curiae United States Trustee for Regions 3 and 9 in Support of Neither Party*

_____

OPINION OF THE COURT
_____

KRAUSE, *Circuit Judge*.

To effectuate its core purposes of maximizing recoveries for creditors and giving debtors a fresh start, our bankruptcy system demands openness and transparency. So when attorneys represent debtors, the Bankruptcy Code requires them not only to disclose the fees they originally charge and collect for services rendered in connection with the

2

case, 11 U.S.C. § 329(a), but also to supplement that disclosure "within 14 days after any payment or agreement not previously disclosed," Fed. R. Bankr. P. 2016(b). Here, Appellee, the law firm of Spector Gadon Rosen & Vinci P.C., arguably failed to do the former and most certainly failed to do the latter, resulting in two sanctions by the Bankruptcy Court: disgorgement of collected fees and cancellation of its remaining fee agreement with Debtors-Appellants Robin and Louie Aquilino. But the District Court reversed that sanctions order, concluding the Seventh Amendment entitled Spector Gadon to a jury trial.

As explained below, that was error, so we will reverse the District Court's judgment, reinstating that of the Bankruptcy Court.

## I. Background

To fully understand the parties' arguments and the relevance of various provisions, we first explain some mechanics of Chapter 7 bankruptcies and the Bankruptcy Code's fee-disclosure requirements before turning to the facts of this case.

### A. Statutory Framework

#### 1. *Chapter 7*

In Chapter 7 bankruptcies, individual debtors liquidate their nonexempt property to receive a discharge of eligible prepetition debts. Like all bankruptcies, this process begins by filing a petition under the Bankruptcy Code, which automatically creates an estate comprised of "all legal or

3

equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A Chapter 7 trustee is appointed "immediately after the order for relief," 6 *Collier on Bankruptcy* ¶ 701.01 (16th ed. 2024), to administer the estate, liquidate assets, and distribute the proceeds to creditors, *see* 11 U.S.C. §§ 701, 702, 704. Because the Bankruptcy Code makes the Chapter 7 trustee "the representative of the estate," *id.* § 323(a), the debtor (and its attorney) neither controls nor works for the estate, *see In re Gilbert*, 120 F.4th 114, 121 & n.2 (3d Cir. 2024).

Relative to the Chapter 7 trustee who conducts most of the post-petition work, debtors and their attorneys have a comparatively limited role. The Bankruptcy Code reflects this division of labor by excluding Chapter 7 debtors' attorneys from the category of professionals whose fees may be paid from the estate.[1] *See Lamie v. U.S. Tr.*, 540 U.S. 526, 538–39 (2004); *see also* 11 U.S.C. §§ 327(a), 330(a)(1). Instead—and for that reason—Chapter 7 debtors generally pay their attorneys before filing for bankruptcy in up-front, flat-fee agreements. *See* Adam D. Herring, *Problematic Consumer Debtor Attorneys' Fee Arrangements and the Illusion of "Access to Justice"*, Am. Bankr. Inst. J., Oct. 2018, at 32, 32. And because many Chapter 7 consumer cases are relatively simple, *see* 3 *Collier on Bankruptcy* ¶ 329.04[1][a] (16th ed. 2024), debtors and their attorneys can usually appraise a

---

[1] In the unusual case, a Chapter 7 trustee may retain a debtor's attorney with approval of the bankruptcy court. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 537 (2004). The scope of that representation is tightly constrained, *see* 11 U.S.C. § 327(e), and that provision is inapplicable here.

4

reasonable fee for their legal services in connection with the case without much difficulty.

## 2.    *Fee Disclosure Provisions*

Given the need for transparency in bankruptcy cases, the Code requires attorneys who represent debtors to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney." 11 U.S.C. § 329(a). Federal Rule of Bankruptcy Procedure 2016(b) makes this disclosure obligation "a continuing one," *In re Stewart*, 970 F.3d 1255, 1258 (10th Cir. 2020), by requiring attorneys to supplement their statements "within 14 days after any payment or agreement not previously disclosed," Fed. R. Bankr. P. 2016(b).

Together, these two provisions yield a "[p]lain and simple" rule: "attorneys must inform the bankruptcy court of their compensation and promptly update the filing if their fees change." *In re Dordevic*, 62 F.4th 340, 342 (7th Cir. 2023). And to facilitate this disclosure, the Director of the Administrative Office of the United States Courts has issued a standard disclosure form, Bankruptcy Form 2030, for debtors' attorneys to use.

## B.    Factual and Procedural Background

In April 2020, the Debtors petitioned for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. Before their filing, they retained

5

Spector Gadon as bankruptcy counsel and agreed to pay a flat fee of $3,500 and a $335 filing fee. Spector Gadon disclosed this agreement to the Bankruptcy Court on the petition date in a form[2] completed by one of its attorneys.[3]

Importantly for this case, section 6 of that form provides that, in exchange for the fee charged by counsel—which Spector Gadon identified as a $3,500 flat fee—counsel has "agreed to render legal service for all aspects of the bankruptcy case," including prepetition analysis and advice of the Debtors' financial situation, preparation of required petitions, schedules, and statements, representation of the Debtors at the meeting of creditors and confirmation hearing, and representation in adversary proceedings and contested matters. App. 77. Under the subsection entitled "Other provisions as needed," Spector Gadon listed "[p]re-bankruptcy planning, preparation of [p]etition and [s]chedules, [and] attendance at [the §] 341(a) hearing." *Id.*

The form also contains a section that permits counsel to enter any exclusions from the services it has agreed to provide after the prompt, "By agreement with the debtor(s), the above-disclosed fee does not include the following service." *Id.* Spector Gadon left that space empty. And at the conclusion of the form, the Spector Gadon attorney "certif[ied] that the foregoing is a complete statement of any agreement or

---

[2] We attach Spector Gadon's disclosure form as Appendix A. As explained in note 16, *infra*, that form is materially identical to the standard Bankruptcy Form 2030.
[3] In its initial statement, Spector Gadon incorrectly stated that it agreed to receive $2,500. It later filed a corrected disclosure indicating the $3,500 fee.

arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding." *Id.*

As it turned out, contrary to the Debtors' representation that it would be a simple, no-asset bankruptcy, their case was anything but. According to Spector Gadon, the Debtors "withheld and concealed information regarding the existence and/or value of their assets," requiring it to "conduct[] its own extensive valuation analysis of the Aquilinos' properties several times, correct[] the Aquilinos' bankruptcy schedules and other submissions several times, and defend[] the Aquilinos in litigation" in the Bankruptcy Court. Answering Br. 6. Unsurprisingly, the $3,500 the Debtors paid up front did not cover all the additional work Spector Gadon had to do, so Spector Gadon billed the Debtors for its post-petition services, which, by August 2021, tallied approximately $151,000.

On August 23, 2021, the parties struck a deal to reduce the Debtors' fee bill to $113,000, with $100,000 to be paid from the proceeds of the then-imminent sale of one of the Debtors' homes,[4] and the balance and costs to be paid later. Although that agreement (the Letter Agreement) was memorialized in a contract the same day, Spector did not disclose it to the Bankruptcy Court. Notwithstanding its obligation to supplement its original filing "within 14 days after any payment or agreement not previously disclosed," Fed. R. Bankr. P. 2016(b), the firm neither filed an additional form nor amended its original disclosure.

---

[4] The Chapter 7 trustee abandoned the property, meaning it was no longer property of the estate and reverted back to the Debtors. *See* 11 U.S.C. § 554(a).

7

As with their original agreement, the Letter Agreement did not play out as intended. When the Debtors did sell their home, they never paid Spector Gadon. Instead, they kept the money and used it to purchase a new home. Spector Gadon then withdrew as their bankruptcy counsel and sued the Debtors in the United States District Court for the Eastern District of Pennsylvania, requesting a jury trial on its breach of contract and related claims (the Collection Action). Before answering that complaint, however, the Debtors promptly (but unsuccessfully) sought to transfer venue to the District of New Jersey or, in the alternative, a stay of these proceedings and, in parallel, moved in the Bankruptcy Court in New Jersey for an examination of the reasonableness of Spector Gadon's fees under § 329(a) and Bankruptcy Rule 2016(b).[5]

Spector Gadon, recognizing the preclusive effect that a ruling from the Bankruptcy Court was likely to have on its Collection Action, opposed that motion and sought to stay the Bankruptcy Court proceeding. Notably, at the hearing held by the Bankruptcy Court to allow for argument and evidence on the motion, Spector Gadon did not contest the Bankruptcy Court's jurisdiction; to the contrary, it advised the Bankruptcy Court "you have jurisdiction, but you should stay . . . because this action is proceeding in the Eastern District [of Pennsylvania]." App. 1279; *see also id.* ("I'm not saying you don't have jurisdiction over this, Your Honor. I'm saying that you should stay this."). In addition to arguing that the Seventh Amendment entitled it to first proceed with a jury trial in the Eastern District of Pennsylvania, Spector Gadon also urged

---

[5] The United States District Court for the Eastern District of Pennsylvania has since stayed proceedings pending resolution of this appeal.

8

that, in any event, it did not violate § 329(a) or Bankruptcy Rule 2016(b) because it was not required to disclose post-petition legal services, and it was Spector Gadon's attorneys' practice not to do so.

After the hearing, the Bankruptcy Court rejected Spector Gadon's arguments. In a thorough and well-reasoned opinion, the Bankruptcy Court held that it had "core" subject matter jurisdiction over the motion and that Spector Gadon violated § 329(a) and Bankruptcy Rule 2016(b) by failing to disclose the Letter Agreement. As a sanction for those violations, the Bankruptcy Court ordered Spector Gadon to "disgorge all fees it received in connection with the bankruptcy case" and "disallow[ed] any other fees it is seeking to collect that were incurred in connection with the bankruptcy case." *In re Aquilino*, No. 20-15628, 2023 WL 2191494, at *7 (Bankr. D.N.J. Feb. 23, 2023).

On appeal to the District Court, Spector Gadon revised its position and claimed the Bankruptcy Court lacked jurisdiction to consider the Debtors' motion. On that claim, the District Court was unpersuaded. But on Spector Gadon's Seventh Amendment claim, it agreed the firm was entitled to a jury trial in the Collection Action and that the Bankruptcy Court's ruling on the Debtors' § 329(a) motion improperly deprived the firm of that right. In reaching this result, the District Court reasoned that because Spector Gadon filed "neither a proof of claim nor an application for fees" from the estate in the bankruptcy case, the firm had retained its right to a jury trial. *In re Aquilino*, 660 B.R. 197, 205–06 (D.N.J. 2024). This appeal followed.

9

## II.     Jurisdiction and Standard of Review

As addressed below, the Bankruptcy Court had jurisdiction under 28 U.S.C. § 157(b)(1). The District Court had appellate jurisdiction under 28 U.S.C. § 158(a), and we exercise jurisdiction under 28 U.S.C. § 158(d)(1). While we have not previously addressed what standard we employ to review sanctions imposed by a bankruptcy court for violations of § 329(a) or Bankruptcy Rule 2016(b), we see no reason to depart from our settled standard of review for sanctions under other provisions, such as Bankruptcy Rule 9011. *See In re Taylor*, 655 F.3d 274, 282 (3d Cir. 2011). Thus, we review the Bankruptcy Court's imposition of sanctions for abuse of discretion, *see In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015), and the District Court's interpretation of the Constitution and Bankruptcy Code *de novo*, *see In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022).

## III.     Discussion

Spector Gadon raises four arguments in support of affirmance. First, it asserts the Debtors forfeited their objection to Spector Gadon's jurisdictional and Seventh Amendment arguments in the District Court and this forfeiture precludes our review of those issues here. Second, it argues to us, contrary to its position before the Bankruptcy Court, that the Bankruptcy Court lacked "core" subject matter jurisdiction over the proceeding to examine fees under 11 U.S.C. § 329(a). Third, it contends that the Seventh Amendment entitles it to a jury trial in the § 329(a) proceeding. And fourth, it insists that the Bankruptcy Court's imposition of sanctions was an abuse of discretion. None is persuasive.

10

A. The Debtors Did Not Forfeit Their Arguments

As Spector Gadon would have it, we need not reach the merits of this case because the Debtors forfeited[6] their arguments regarding both the Bankruptcy Court's jurisdiction and the applicability of the Seventh Amendment. We disagree.

In the ordinary course, parties must raise issues in the trial court in order to preserve them for argument on appeal. *See In re Bestwall LLC*, 47 F.4th 233, 242 (3d Cir. 2022). This "general rule serves several important judicial interests," including "protecting litigants from unfair surprise" and "preventing [trial] courts from being reversed on grounds that were never urged or argued before them." *In re Diet Drugs Prod. Liab. Litig.*, 706 F.3d 217, 226 (3d Cir. 2013) (quoting *Tri-M Grp., L.L.C. v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011)). But "preserving an argument 'does not demand the incantation of particular words; rather, it requires that the lower court be fairly put on notice as to the substance of the issue.'" *In re Bestwall*, 47 F.4th at 242 (quoting *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000)).

---

[6] Despite its insistence that the Debtors "waived" these arguments, Spector Gadon in reality advances a forfeiture argument. We have plainly explained that "[f]orfeiture is the failure to make the timely assertion of a right, an example of which is an inadvertent failure to raise an argument," while "[w]aiver, in contrast, is the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (cleaned up). Here, Spector Gadon argues that the Debtors failed to raise arguments before the District Court, not that they intentionally relinquished them.

11

Here, while the Debtors did not precisely articulate arguments concerning the Bankruptcy Court's jurisdiction and the Seventh Amendment, they did assert "the bankruptcy court was correct when it disallowed all of [Spector Gadon]'s bankruptcy fees for its failure to disclose that it was billing the debtors pursuant to some other fee arrangement that was never disclosed to the court." D.C. Dkt. No. 8, at 18. By taking this position, the Debtors necessarily asserted that the Bankruptcy Court properly exercised jurisdiction and that the Seventh Amendment did not entitle Spector Gadon to a jury trial. So while the Debtors did not incant the particular words Spector Gadon maintains they should have, their arguments were enough to preserve these issues for our review. *See In re Bestwall*, 47 F.4th at 242–43 (concluding appellant preserved issue preclusion argument even though it "did not use the words 'issue preclusion' or 'collateral estoppel'" in the district court). And as Spector Gadon raised the jurisdictional and Seventh Amendment challenges before the District Court, which then ruled on the latter, both it and the District Court were plainly "on notice as to the substance of the issue[s]." *Id.* at 242. Accordingly, we will reach the merits of the Debtors' arguments.[7]

---

[7] Even if the Debtors forfeited their arguments, we would revive them. The preservation rule "is one of discretion rather than jurisdiction, and it may be relaxed whenever the public interest so warrants." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 834–35 (3d Cir. 2011) (cleaned up). We have been "less reluctant to bar consideration of a forfeited pure question of law," *Barna*, 877 F.3d at 147, and "will reach 'a pure question of law even if not raised below where refusal to reach

12

### B.    The Bankruptcy Court Had Core Jurisdiction

We next consider Spector Gadon's challenge to the Bankruptcy Court's jurisdiction.   Bankruptcy courts have jurisdiction over four different categories of proceedings: (1) cases under the Bankruptcy Code; (2) proceedings that "arise under" the Bankruptcy Code; (3) proceedings that "arise in" a bankruptcy case; and (4) proceedings "related to" a bankruptcy case.  *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 162 (3d Cir. 2004).  The first three categories fall under bankruptcy courts' "core" jurisdiction, *see In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004), meaning bankruptcy courts can "hear and determine" those proceedings without intervention from a district court, 28 U.S.C. § 157(b)(1).

We have little difficulty concluding that this action fits the second category because proceedings for the imposition of sanctions for the failure to disclose attorneys' fees under § 329(a) "arise under" the Bankruptcy Code.  To determine whether a proceeding "arises under" the Bankruptcy Code, we ask whether it "is based on a right or remedy expressly provided by the Bankruptcy Code."  *In re Essar Steel Minn., LLC*, 47 F.4th 193, 197 (3d Cir. 2022) (quoting *In re Weiand*

---

the issue would result in a miscarriage of justice or where the issue's resolution is of public importance,'" *id.* (quoting *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)).   Here, the District Court's decision, which stands to "unduly restrict bankruptcy courts' authority to enforce the protections of section 329(a) in chapter 7 cases," U.S. Trustee Amicus Br. 8, and disrupt the administration of thousands of bankruptcy cases, is undoubtedly a legal question of significant public importance.

*Auto. Indus.*, 612 B.R. 824, 854 (Bankr. D. Del. 2020)). Section 329(a) expressly provides for the disclosure at issue here. Specifically, it sets forth an obligation on "[a]ny attorney representing a debtor" to disclose "the compensation paid or agreed to be paid" "in connection with the case" if it was "made after one year before the date of the filing of the petition," 11 U.S.C. § 329(a), to enable bankruptcy courts and parties in interest to examine the reasonableness of the fees charged and, if unreasonable, take appropriate action, *see In re Stewart*, 970 F.3d at 1258–59.

So the Bankruptcy Code provides both the right and remedy, and proceedings initiated under § 329(a) therefore fall within § 157(b)(2)'s non-exhaustive list of "core" proceedings.[8]

C.     The Seventh Amendment Does Not Apply

Although the Bankruptcy Court had "core" subject matter jurisdiction to impose sanctions for violations of § 329(a), we still must determine whether the Seventh Amendment entitles Spector Gadon to a jury trial. *Cf. Stern v. Marshall*, 564 U.S. 462, 482 (2011). The Seventh Amendment protects litigants' right to a civil jury trial in cases where the amount in controversy exceeds $20. U.S. Const. amend. VII.

---

[8] Proceedings under § 329(a) also "arise in" a bankruptcy case. A proceeding "arises in" a bankruptcy case when it "would not exist outside of bankruptcy." *In re Essar Steel Minn., LLC*, 47 F.4th 193, 197 (3d Cir. 2022). Because § 329(a) proceedings require fees paid by a "debtor," they necessarily occur only in bankruptcy, thereby offering another basis for the Bankruptcy Court's jurisdiction.

But that right only attaches to claims that are "legal in nature," not ones that are equitable. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989). So we must first determine the nature of a claim under § 329(a).

Whether a claim is legal or equitable generally turns on both "the cause of action and the remedy it provides." *SEC v. Jarkesy*, 603 U.S. 109, 123 (2024). But where a "cause[] of action sound[s] in both law and equity," the Supreme Court has "concluded that the remedy [is] the 'more important' consideration." *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 421 (1987)). While monetary penalties generally indicate that a claim is "legal," remedies that merely "order a defendant to return unjustly obtained funds" are equitable. *Id.* So where a violation calls for a monetary remedy designed "solely to 'restore the status quo,'" it does not trigger the Seventh Amendment jury-trial right. *Id.* (quoting *Tull*, 481 U.S. at 422).

Under this rubric, violations of § 329(a) give rise to equitable remedies, not legal ones. As our sister circuits have recognized, permissible sanctions for violations of § 329(a) include disgorgement of collected fees and cancellation of fee agreements for bankruptcy-related services. *See, e.g.*, *In re Dordevic*, 62 F.4th at 342; *In re Stewart*, 970 F.3d at 1258; *In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995); *In re Prudhomme*, 43 F.3d 1000, 1002–04 (5th Cir. 1995); *see also In re Futuronics Corp.*, 655 F.2d 463, 471 (2d Cir. 1981). Indeed, the Bankruptcy Court imposed precisely those sanctions here, ordering disgorgement of fees already collected

15

by Spector Gadon and cancellation of its remaining fees.[9] These remedies are "not analogous to a common-law cause of action ordinarily decided in English law courts in the late 18th century." *Hale v. U.S. Tr.*, 509 F.3d 1139, 1147 (9th Cir. 2007). Rather, they are designed to restore the status quo and thus are quintessentially equitable. *See Liu v. SEC*, 591 U.S. 71, 80 (2020); 12A C.J.S. *Cancellation of Instruments* § 9 (West 2024). As such, claims under § 329(a) and Bankruptcy Rule 2016(b), like claims under their predecessor provision in the 1898 Bankruptcy Act, do "not deprive parties of rights secured under the 7th Amendment of the Constitution." *In re Wood*, 210 U.S. 246, 258 (1908).

Our treatment of sanctions in other contexts confirms this result. The Supreme Court has long held that the power to sanction conduct—either through contempt or otherwise—"is inherent in all courts."[10] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1874)). And both the Supreme Court and our Court

---

[9] We do not foreclose the possibility that an unusual case may warrant additional sanctions. *See, e.g.*, *In re Whitley*, 737 F.3d 980, 988 (5th Cir. 2013) ("The bankruptcy court has authority to impose disciplinary sanctions on attorneys beyond the return of compensation."). In the ordinary course, however, total or partial disgorgement or cancellation of fees serve as appropriate remedies for violations of § 329(a) and Bankruptcy Rule 2016(b).

[10] We have also held that "[a]mong the implied and 'incidental' powers of a federal court is the power 'to discipline attorneys who appear before it.'" *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

have recognized that such civil sanctions do not trigger a party's Seventh Amendment right to a jury trial. *See Shillitani v. United States*, 384 U.S. 364, 370–71 (1966); *United States v. Harris*, 582 F.3d 512, 514 (3d Cir. 2009).

Spector Gadon objects that the Bankruptcy Court's sanction, as a practical matter, will preclude it from proceeding to trial in the Collection Action, rendering its Seventh Amendment right illusory. But the Supreme Court has long held that "the right to a jury trial does not negate the issue-preclusive effect of a judgment, even if that judgment was entered by a juryless tribunal." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 150 (2015) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 337 (1979)). So in evaluating whether the Seventh Amendment entitles a party to a jury trial in one proceeding, we do not consider the potential preclusive effect of that proceeding on another. Instead, we consider only the instant proceeding and the nature of the claim raised in it.

Here, we have a § 329(a) proceeding and a claim that is equitable,[11] so the District Court erred by concluding that Spector Gadon's right to a jury trial in the Collection Action extended to the § 329(a) proceeding in the Bankruptcy Court.[12]

---

[11] Of course, Spector Gadon is entitled to contest the application of issue preclusion in the Collection Action. We note only that "[t]he normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." *Katchen v. Landy*, 382 U.S. 323, 334 (1966).

[12] Because sanctions for violating § 329(a) and Bankruptcy Rule 2016(b) do not implicate the Seventh Amendment, we do not need to consider whether the "public rights" exception applies. *See SEC v. Jarkesy*, 603 U.S. 109, 120 (2024).

D.     Spector Gadon's Remaining Arguments Fail

Spector Gadon's last argument in favor of affirming the District Court's decision is that the equities weigh in its favor. Specifically, it contends (1) that it did not violate § 329(a) or Bankruptcy Rule 2016(b), either in its representations on its original Rule 2016(b) disclosure form or in its subsequent failure to disclose the Letter Agreement to the Bankruptcy Court; (2) that even if it did violate its obligations, the Bankruptcy Court erred by failing to hold an evidentiary hearing; and (3) that the Bankruptcy Court improperly failed to consider the Debtors' own misconduct before ordering disgorgement and cancellation of Spector Gadon's fees. None of these arguments withstands scrutiny.

First, Spector Gadon did violate § 329(a) and Bankruptcy Rule 2016(b)—at a minimum because it was required to, and did not, disclose the Letter Agreement.[13]

---

[13] While the District Court did not reach the issue of whether the Bankruptcy Court abused its discretion by sanctioning Spector Gadon, it noted in passing that sanctions for violating § 329(a) and Bankruptcy Rule 2016(b) "almost always follow[] an attorney's application for fees filed under those very same provisions." *In re Aquilino*, 660 B.R. 197, 206 n.4 (D.N.J. 2024). In support of that assertion, it cited a nonprecedential decision from this Court, *In re 38-36 Greenville Ave LLC*, No. 21-2164, 2022 WL 1153123 (3d Cir. Apr. 19, 2022). Aside from not constituting binding precedent, *see* 3d Cir. I.O.P. 5.3, 5.7, that case (a Chapter 11 bankruptcy, no less) does not stand for the proposition that an application for fees to be paid from the bankruptcy estate is a necessary

18

As a threshold matter, the firm urges that its original Bankruptcy Rule 2016(b) disclosure form was accurate when filed because under section 6, when asked to specify the legal services the firm "ha[d] agreed to render" "[i]n return for the above-disclosed fee," App. 77, it left untouched the pre-printed list of services in subsections 6(a)–(d) and, as "[o]ther provisions as needed" in subsection 6(e), typed in: "[p]re-bankruptcy planning, preparation of [p]etition and [s]chedules, [and] attendance at [the §] 341(a) hearing," *id.* As represented by the chair of the firm's bankruptcy practice group, Leslie Baskin, the firm's regular practice was to "circle or check which of the listed subcategories of services—(a) through (e)—will apply to [its] representation of the debtors," and to assume the Bankruptcy Court would understand that "[s]ervices not mentioned [in subsection (e)]. . . are excluded from the agreement as a result." Answering Br. 5. Also based on that assumption, the firm omitted any response to section 7's inquiry as to any legal services that, "[b]y agreement with the debtor(s), the above-disclosed fee does not include." App.

---

condition to trigger sanctions for violating § 329(a) or Bankruptcy Rule 2016(b). And in light of the Code's plain language requiring disclosure of all fees and payments made "in connection with" the bankruptcy case, 11 U.S.C. § 329(a), the District Court erred by concluding that payment from estate assets was required for those disclosure obligations to apply, *see In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989) ("[A]ny payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding is reviewable by the bankruptcy court notwithstanding the source of payment."); 3 *Collier on Bankruptcy* ¶ 329.03[1] (16th ed. 2024) ("The [fee disclosure] statement must be filed whether or not the attorney intends to apply for compensation under the Code.").

77. We appreciate that Bankruptcy Form 2030[14] is not a model of clarity and that Spector Gadon may have believed, in good faith, that its initial $3,500 fee covered only those services listed in subsection 6(e).[15] So we will assume, for now, that the firm fulfilled its disclosure obligation in its initial statement.[16]

---

[14] We attach Bankruptcy Form 2030 as Appendix B.

[15] At the same time, other evidence in the record suggests the initial agreement may not have been so limited. Ms. Baskin, the chair of Spector Gadon's bankruptcy practice, affirmed in her declaration that, prior to signing the Letter Agreement, Spector Gadon "performed legal services for the Aquilinos, including, but not limited to: preparing the bankruptcy petition and required legal documents; reviewing relevant financial documents; making necessary court appearances; and communicating with the [Bankruptcy] Court, Chapter 7 Trustee, creditors, and counsel for all parties." App. 314. This non-exhaustive list of services would seem to exceed the "[p]re-bankruptcy planning, preparation of [p]etition and [s]chedules, [and] attendance at [the §] 341(a) hearing" to which Spector Gadon maintains its representation was limited under its pre-petition agreement with the Debtors. App. 77. Regardless, for present purposes, we will give the firm the benefit of the doubt as to its initial certification.

[16] In view of the confusion engendered by the form in this case, the Director of the Administrative Office of the United States Courts may wish to consider whether revisions are warranted. The form used by Spector Gadon here is materially identical to Bankruptcy Form 2030, save for an additional item appearing at section 2, thereby setting off the forms' numeration by one. Aside from this discrepancy, the two forms are identical in

Even so, Spector Gadon's subsequent failure to update that statement and disclose the Letter Agreement unequivocally violated its disclosure obligation. The firm defends that no update was necessary because the firm "never filed any proof of claim nor any application for fees" and "was only seeking to collect . . . from non-bankruptcy assets." Answering Br. 17. But that is beside the point: Its disclosure obligation extended to all payments and fee agreements for services rendered "in connection with" the bankruptcy case, "whether or not [it] applie[d] for compensation" from the estate. 11 U.S.C. § 329(a). And it is undisputed that (1)

their respective sections most relevant to this case. Section 5 of Bankruptcy Form 2030 (section 6 of Spector Gadon's form) states, "In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case," and then lists subcategories of common bankruptcy services at (a)–(d), followed by "[o]ther provisions as needed" at (e). That could lead debtors' counsel completing the form to believe that a notation at subsection (e) or a marking on some, but not all, of the other subsections would effectively communicate that the remainder were excluded from the representation and that no additional notations were needed in section 6, as Spector Gadon seemingly believed here. We acknowledge that the use of this form is not mandatory, *see* Fed. R. Bankr. P. 9009(b), but it is created "for the benefit of bankruptcy case participants," *Permitted Changes to Official Bankruptcy Forms*, U.S. Courts, https://www.uscourts.gov/forms-rules/about-rulemaking-process/permitted-changes-official-bankruptcy-forms (last visited Apr. 22, 2025), and well-intentioned attorneys reasonably look to it for guidance. Clarification of sections 5 and 6 of the standard form could avoid such confusion by debtors' attorneys in the future.

Spector Gadon provided post-petition services "in connection with" the Debtors' bankruptcy case, Oral Arg. Tr. 27:21–22, including valuing estate property, correcting and filing amended schedules, and defending the Debtors in related litigation, and (2) the Debtors agreed to pay Spector Gadon for these services by signing the Letter Agreement on August 23, 2021, i.e., "after one year before the date of the filing of the petition," 11 U.S.C. § 329(a). Thus, the Letter Agreement fell within the four corners of § 329(a), and Spector Gadon had fourteen days under Bankruptcy Rule 2016(b) to file a supplemental disclosure. Having failed to do so, it violated § 329(a) and Bankruptcy Rule 2016(b).[17]

Second, in an argument advanced for the first time at oral argument, Spector Gadon asserts that the Bankruptcy

---

[17] Crediting Spector Gadon's argument would mean the bankruptcy disclosure rules could never be enforced against debtors' attorneys in Chapter 7 cases because their fees cannot be paid from the estate. *See Lamie*, 540 U.S. at 538–39. We reject such a sweeping proposition. We also reject the proposition that "a Chapter 7 debtor's attorney is not required to disclose or otherwise supplement its form to include post-petition legal services provided to the debtor because those fees are simply additional services not covered by the initial disclosure form." Answering Br. 24. The Bankruptcy Code and Rules say precisely the opposite: Counsel is statutorily obligated to disclose all fees and payments made for services in connection with the bankruptcy case, 11 U.S.C. § 329(a), *and to do so on an ongoing basis*, Fed. R. Bankr. P. 2016(b). In short, the universe of payments and agreements that must be disclosed is not limited to those that appear on an attorney's initial Bankruptcy Rule 2016(b) statement.

Court abused its discretion by not holding an evidentiary hearing before entering its sanctions order. But this assertion borders on the misleading. The Bankruptcy Court did hold a hearing on the Debtors' motion, and it accepted the submission of evidence, including a certified declaration from Ms. Baskin. In fact, the same attorney who appeared at oral argument and made this assertion before us appeared before the Bankruptcy Court at that hearing. He represented to the Bankruptcy Court that Spector Gadon would "rely, primarily, on [its] motion" submitted in response to the Debtors'. App. 1278. Spector Gadon did not request an evidentiary hearing, either,[18] and it has not provided any basis to conclude that it was precluded from building a record or presenting evidence it thought probative to its compliance with § 329(a) and Bankruptcy Rule 2016(b).

---

[18] While Bankruptcy Rule 2017(a) requires "notice and a hearing" before reviewing a debtor's attorney's fees for excessiveness, it does not mandate an evidentiary hearing, and the decision to hold an evidentiary hearing in such circumstances lies within the sound discretion of the bankruptcy court. *See McDowell v. Philadelphia Hous. Auth. (PHA)*, 423 F.3d 233, 238 (3d Cir. 2005). In any event, the Bankruptcy Court held a hearing and accepted the only "evidence" Spector Gadon offered. So, particularly in light of Spector Gadon's failure to request an "evidentiary hearing" and its indication that it would rely on its papers, we can hardly conclude the Bankruptcy Court here abused its discretion. *See* 11 U.S.C. § 102(1)(B) (stating that the phrase "after notice and a hearing" "authorizes an act without an actual hearing if such notice is given properly and if—(i) such a hearing is not requested timely by a party in interest").

23

To the extent Spector Gadon asserts that material factual disputes exist that would have prevented the Bankruptcy Court from ruling on the Debtors' motion, it is mistaken. All agree that (1) the Letter Agreement was entered after one year before the petition date; (2) the Letter Agreement was for services rendered "in connection with" the bankruptcy case; and (3) Spector Gadon did not disclose the Letter Agreement to the Bankruptcy Court. Those facts suffice to conclude Spector Gadon violated § 329(a) and Bankruptcy Rule 2016(b).

Nonetheless, Spector Gadon insists that its attorneys' intentions are relevant to the Bankruptcy Court's inquiry. Specifically, it touts that "the Chair of [Spector Gadon]'s Bankruptcy and Creditors' Rights Practice Group," Leslie Baskin, "has always filled out her [Bankruptcy Rule 2016(b)] disclosure forms" as was done here, "and she has never had any issues with this method." Answering Br. 5. But in light of the undisputed facts, we fail to see how this practice bears on the legal question of whether Spector Gadon fulfilled its disclosure obligation. And pleading (questionable) past practice neither displaces the Code's requirements nor establishes compliance with those requirements on this occasion.

Finally, Spector Gadon maintains that the Bankruptcy Court failed to consider the Debtors' malfeasance, rendering its order of disgorgement and cancellation of the Letter Agreement unreasonable. But the Bankruptcy Court was well aware of the Debtors' misconduct, as even Spector Gadon's counsel conceded at oral argument. And the Bankruptcy Court helpfully issued a detailed opinion and explained in compelling terms its reasons for nonetheless imposing these sanctions,

24

including that Spector Gadon failed to disclose and sought to collect fees for "work done immediately after the Petition Date"; "even if the services inserted in paragraph 6.e. [of its disclosure] were the only services included in the fee, they were billed and included in the amount [Spector Gadon] seeks to recover in the [Collection Action]"; and Spector Gadon's practice of filling out Bankruptcy Rule 2016(b) disclosure forms did not displace its duty to accurately disclose its fee agreement to the Bankruptcy Court. *In re Aquilino*, 2023 WL 2191494, at \*6.

In these circumstances, the Bankruptcy Court's sanctions order was not an abuse of discretion. Courts of Appeals that have addressed the issue have regularly held that full disgorgement and cancellation of fee agreements can be an appropriate sanction for violating the Code's disclosure requirements.[19] *See, e.g.*, *In re Dordevic*, 62 F.4th at 343; *In re Stewart*, 970 F.3d at 1264; *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir. 1997); *In re Downs*, 103 F.3d 472, 478 (6th Cir. 1996); *In re Park-Helena Corp.*, 63 F.3d at 882; *In re Futuronics Corp.*, 655 F.2d at 471. And with that much, we

---

[19] Some courts have held that "[e]ven a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees." *In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995). We need not decide whether inadvertent nondisclosure warrants such a sanction because, here, Spector Gadon's failure was willful. *See* Oral Arg. Tr. 40:25–41:3 (explaining that Spector Gadon purposefully did not disclose the Letter Agreement because "we felt that it was not within the scope of the original services that were contracted with the Aquilinos and that it didn't involve any assets of the estate").

agree—total disgorgement and cancellation of fee agreements can be a permissible sanction depending on the facts of the case.

But because bankruptcy courts "are equitable tribunals that apply equitable principles in the administration of bankruptcy proceedings," *Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 567 (3d Cir. 2003) (en banc), they must take account of all relevant circumstances in determining the appropriate sanction for violating § 329(a) and Bankruptcy Rule 2016(b). After all, "[e]quity abhors a windfall." *In re Millennium Lab Holdings II, LLC*, 945 F.3d 126, 143 (3d Cir. 2019) (quoting *US Airways, Inc. v. McCutchen*, 663 F.3d 671, 679 (3d Cir. 2011)), *abrogated on other grounds by Harrington v. Purdue Pharma, L.P.*, 603 U.S. 204 (2024). So when a sanction would work to the benefit of a party who itself has committed inequitable conduct, a bankruptcy court must consider that fact as well.

As Spector Gadon included in its opposition to the Debtors' motion and conceded at oral argument, the Bankruptcy Court was aware of and considered the Debtors' misconduct that necessitated Spector Gadon's post-petition services. Nonetheless, it determined that total disgorgement and cancellation of the Letter Agreement was warranted—a fortuitous result for the Debtors.[20] Because the Bankruptcy

---

[20] To be sure, debtors who conceal assets or otherwise fail to fulfill their obligations under the Bankruptcy Code may themselves be subject to various sanctions. *See, e.g.*, 11 U.S.C. § 727(a); 18 U.S.C. § 152. Indeed, here, it appears the Debtors

26

Court considered all relevant factors, including the balance of equities, before sanctioning Spector Gadon, its decision was not an abuse of discretion.

**IV.    Conclusion**

For the foregoing reasons, we will reverse the District Court's judgment and will reinstate that of the Bankruptcy Court.

---

will receive less than a full discharge due to their conduct. *See* Bankr. Ct. Dkt. 379, at 3 ("The Debtors' chapter 7 discharge is waived, and the Debtors shall not receive a discharge under 11 U.S.C. § 727, for all debts incurred up to and including April 16, 2020.").

**APPENDIX A**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of New Jersey

|  | Louie Joseph Aquilino | | |  |
|---|---|---|---|---|
| In re | **Robin Aquilino** | | Case No. | |
| | | Debtor(s) | Chapter | **7** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **2,500.00** |
   | Prior to the filing of this statement I have received | $ **2,500.00** |
   | Balance Due | $ **0.00** |

2. $ **355.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]
      **Pre-bankruptcy planning, preparation of Petition and Schedules, attendance at 341(a) hearing**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| _____ | **/s/ Randi Wolf** |
| *Date* | **Randi Wolf** |
| | *Signature of Attorney* |
| | **Spector Gadon Rosen Vinci, P.C.** |
| | **1635 Market Street** |
| | **Seven Penn Center - 7th Floor** |
| | **Philadelphia, PA 19103** |
| | **215-241-8903  Fax: 215-241-8844** |
| | **rwolf@sgrvlaw.com** |
| | *Name of law firm* |

---

**APPENDIX B**

# United States Bankruptcy Court

_____ District Of _____

**In re**

Case No. _____

**Debtor**

Chapter _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2. The source of the compensation paid to me was:

   ☐ Debtor        ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor        ☐ Other (specify)

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

  d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

  e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

  I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____

*Date*

        *Signature of Attorney*

        *Name of law firm*